Case 4:25-cv-01801   Document 8   Filed on 04/29/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HOUSTON PILOTS,** | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-1801 |
| **GALVESTON-TEXAS CITY PILOTS,** *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Houston Pilots' ("Plaintiff") Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue. (ECF No. 7). Defendants Galveston-Texas City Pilots and GalTex Pilots Service Corporation (collectively, "Defendants") have not been served. Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion (*id.*) be **DENIED WITHOUT PREJUDICE**.

A Temporary Restraining Order ("TRO") is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*,

---

[1] On April 23, 2025, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 4).

No. 6:16-cv-453, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). However, under Federal Rule of Civil Procedure ("Rule") 65, a court may issue a TRO without written or oral notice to the adverse party only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). Plaintiff does not certify in writing any efforts made to give notice to Defendants or why notice should not be required. (*See* ECF No. 7). Thus, Plaintiff has not satisfied both requirements for the issuance of an *ex parte* TRO under Rule 65(b)(1). *See Silver v. Off. of Att'y Gen.*, No. 1:24-cv-1298, 2025 WL 890734, at *1 (W.D. Tex. Mar. 10, 2025); *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 3:14-cv-3625, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (denying Plaintiff's request for *ex parte* relief on same grounds); *Cotton*, 2017 WL 2999430, at *2 (denying Plaintiff's request for *ex parte* relief for failure to satisfy both requirements of Rule 65(b)).

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue (ECF No. 7) be **DENIED WITHOUT PREJUDICE**. The Court will address Plaintiff's request for a preliminary

injunction once Defendants have been served and given the opportunity to respond.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on April 29, 2025.

Richard W. Bennett
United States Magistrate Judge