UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOUSTON PILOTS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-01801 |
| § | |
| GALVESTON-TEXAS CITY PILOTS, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are United States Magistrate Judge Richard Bennett's Memorandum and Order filed on November 6, 2025 (Doc. #55); Defendants' Objections (Doc. #59); Plaintiff's Response (Doc. #61); and Defendants' Supplemental Objections (Doc. #74). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

Therefore, Defendants' Motion to Dismiss (Doc. #22) is DENIED. Furthermore, Plaintiff's request for preliminary injunction contained within its Verified First Amended Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue (Doc. #30) is GRANTED. Specifically, the Temporary Restraining Order (Doc. #41) is DISSOLVED, and the Court ORDERS the following:

1. Defendants are ENJOINED from soliciting and/or contacting shipping agents, shipping companies, and/or other maritime industry companies to use individual Galveston Pilots to pilot any vessel intending to use the Anchorage as an intermediate stop enroute to or from a Harris County port;

2. Defendants are ENJOINED from performing pilot services, and/or dispatching individual pilots to perform pilotage services, on board any vessel intending to use the Anchorage as an intermediate stop enroute to or from a Harris County port; and

3. Defendants are ENJOINED from diverting from the over 80 year-old historical procedure of the "Gentleman's Agreement" of retroactively correcting pilotage fees for the piloting of vessels to or from the Anchorage whose final destination has changed after it has already anchored in the Anchorage.

Furthermore, Plaintiff is not required to post a bond and all other relief not specifically granted is hereby DENIED. Finally, Plaintiff's Motion to Consolidate (Doc. #23) and Motion for Expedited Ruling (Doc. #75) are DENIED as MOOT.

It is so ORDERED.

2/4/26
Date

_____
The Honorable Alfred H. Bennett
United States District Judge